## Case No. 14,229.

### TUCKER MANUF'G CO. v. BOYINGTON.

[9 O. G. 455.]

Circuit Court, N. D. Illinois. Oct., 1875.

TRADE-MARK—WORDS UPON PATENTED ARTICLE—COMBINATION—INJUNCTION.

1. It is a matter of discretion always with the court to issue an injunction or not, upon a case made in a trade-mark suit.

2. The words imprinted upon a patented article of manufacture are common property from the date of the expiration of the patent.

[Cited in Burton v. Stratton, 12 Fed. 700.]

[Cited in Dover Stamping Co. v. Fellows (Mass.) 40 N. E. 107.]

3. When a trade-mark consists of a combination of words, letters, monograms, and pictures, it is not infringed unless the whole combination be used.

[This was a bill in equity by the Tucker Manufacturing Company against Levi C. Boyington, praying for an injunction to restrain the infringement of a trade-mark.]

BLODGETT, District Judge. This is an application for an injunction to restrain the defendant from the use of the trade-mark which has been registered by the complainant in the manner required by the act of congress. As the record now stands, I don't think this injunction ought to issue. It is a matter of discretion always with the court to issue an injunction or not, upon a case made in a trade-mark suit. I cannot say but that the complainant may make a case upon final hearing that would entitle the complainant to an injunction; but it seems to me that it is not made as the record now stands. I have serious doubts whether the defendant infringes the complainant's trademark. The words "Tucker Spring-Bed" were certainly common property from the date of the expiration of the Tucker patent in 1869. In January, 1875, the complainant, being the Tucker Manufacturing Company, and the party who had owned the patent during the lifetime of the patent, obtained the trademark, which consists of a perspective of the Tucker bed-bottom, with the letters "T. M. Co.," in monogram in the center of the picture, and over it are the words "Tucker Spring-Bed." It strikes me very forcibly that this trade-mark is for the combination, and the defendant does not infringe unless he uses the whole combination. The defendant, Boyington, had the right to use a diagram of the spring-bed as common property, and it has been such since the expiration of the Tucker patent. It seems to me that while this may be a valid trade-mark, when all used together, yet, when the defendant manufactures the spring-bed, he has the right to designate it as the "Tucker Spring-Bed," indicating that it is manufactured under the Tucker patent, and that he has, also, the right to put any colored label upon it, that he chooses, so long as he does not, by his label, indicate that it is the manufacture of the Tucker Manufacturing Company. Now, the only semblance between the label used by the defendant and the plaintiff's label is that the defendant uses at the same time a perspective of the bed-bottom, and the words "Tucker Spring-Bed." He does not use the monogram, and uses nothing but what is common property. It is true that he uses the same colored label as the complainant uses. There is no patent trade-mark upon the color. Either party has the liberty to adopt any color, green, blue, or all the colors of the rainbow; so that, as the record now stands, I think this injunction must be denied. In passing upon a motion of this kind, which involves to a certain extent the merits of the case, I have, as far as possible, refrained from expressing any opinion that would prejudice the ultimate decision of the court. I think it is right that I should indicate the doubt I have, in order that counsel may determine for themselves whether the case shall go any farther or not.